Following a jury-waived trial, judgment entered in favor of the Valle Auto Mall, Inc. (VAM), on its counterclaims for conversion and breach of fiduciary duty; the judge also awarded attorney's fees to VAM under G. L. c. 156D, § 7.46, which permits such an award upon termination of a derivative suit.[4] ,[5] On appeal, the plaintiff makes two arguments. First, she argues that the counterclaims were barred by the statute of limitations, having been brought more than three years after they accrued. Second, the plaintiff argues that the judge erred when he treated VAM's counterclaims as derivative (rather than direct) claims and, therefore, there was no basis upon which to award attorney's fees. We affirm in part, and vacate in part.
After an eight-day trial, the judge made extensive and detailed findings of fact. Among other things, the judge found that, from 2002 to 2005, the plaintiff knowingly participated in her husband's (Alan's) embezzlement of funds from VAM. While under Alan's management, VAM's books, accounts, and finances were conducted in an unorthodox manner; among other things, its financial records and supporting documentation were incomplete, missing, and not maintained in accordance with generally accepted accounting principles. VAM did not discover the embezzlement, which was accomplished by disguising cash payments as payroll expenses, until October of 2005. Alan accomplished the embezzlement by ordering defendant Nicanor Valle (for whom Alan acted as a mentor and father figure) to add $1,000 to the sums paid to VAM's employees each week, place the money in an envelope, and leave it in the company safe for him (Alan) to retrieve. The plaintiff was present when Alan gave these instructions, which Valle believed Alan was authorized to give. She was also present on several occasions when Alan pocketed the cash. In addition, she aided in the theft by failing to report it and by attempting to cover it up when she instructed Valle's wife to keep quiet. In total, Alan embezzled $187,000 from VAM; the stolen funds were deposited into the plaintiff's bank account and paid for the couple's personal expenses.
It is against these findings (which we must accept unless clearly erroneous, Mass.R.Civ.P. 52 [a], as amended, 423 Mass. 1402 [1996]), that we evaluate the plaintiff's argument that the counterclaims were time barred because they were brought outside the three-year limitations period for conversion and breach of fiduciary duty claims. See G. L. c. 260, § 2A ; Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 517 (1997) ; Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 770 (2006). Such claims typically accrue on the date of injury unless, as here, the discovery rule applies. "Under the discovery rule, limitations periods in Massachusetts run from the time a plaintiff discovers, or reasonably should have discovered, the underlying harm ... for which relief is sought." Crocker v. Townsend Oil Co., 464 Mass. 1, 8 (2012). See G. L. c. 260, § 12.
Here, the question of when VAM in fact discovered, or reasonably should have discovered, the fraud was a question of fact for the judge to determine. See Vinci v. Byers, 65 Mass. App. Ct. 135, 139 (2005) (if facts regarding discovery are disputed, then question of when cause of action accrued is question of fact). "[A] finding of fact by the trial judge will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed." New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977), citing Marlow v. New Bedford, 369 Mass. 501, 508 (1976). We are left with no such conviction here; the evidence amply supported the judge's findings. Thus, the claims did not accrue until October of 2005.[6] ,[7]
The plaintiff filed her complaint within three years of that date, on January 9, 2008. Because, for limitations purposes, VAM's counterclaims are deemed to have been filed on the day the complaint was filed, see G. L. c. 260, § 36, the counterclaims were timely. Contrary to the plaintiff's contention, this is true whether the counterclaims are compulsory or permissive. Bose Corp. v. Consumers Union of United States, Inc., 367 Mass. 424, 430-431 (1975).
Finally, the plaintiff argues that the judge erred when he treated VAM's and Candlewood Holdings, Inc.'s counterclaims, which were asserted as direct claims of those companies, as derivative claims brought by their shareholders instead. We agree. The first amended counterclaims of both corporations make clear that the plaintiffs-in-counterclaim are the corporations.[8] During trial, counsel for the defendants confirmed that the counterclaims were brought directly by the corporations, and not derivatively by the shareholders. Although a judge has discretion to treat a shareholder's direct claim as one brought derivatively on behalf of the corporation instead, see, e.g., Bessette v. Bessette, 385 Mass. 806, 808-810 (1982) ; Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 512-513 (1989), we have found no authority that allows a judge to treat a corporation's direct claim as derivative instead. Indeed, where, as here, the corporation (VAM) is able and willing to pursue its claim directly, there is no need for a derivative action. See generally International Bhd. of Elec. Wkrs. Local No. 129 Benefit Fund v. Tucci, 476 Mass. 553, 557 (2017). Because the fee and costs award was based on the judge's erroneous treatment of the claims as derivative, the fee award must be vacated.[9]
So much of the judgment and the subsequent orders (see note 3) as awarded attorney's fees to VAM (which was calculated to be $37,848.85) is vacated. The remainder of the judgment and the subsequent orders is affirmed.
So ordered.
Vacated in part; affirmed in part.

The plaintiff filed a motion to amend judgment or, alternatively, for a new trial, which was denied and subsequently appealed (as was the judgment). The plaintiff also appealed from the order calculating the award of $37,848.85 in attorney's fees and costs to VAM. The appeals were consolidated.

No other aspect of the judgment and subsequent orders is at issue on appeal.

The plaintiff argues that Valle's knowledge of Alan's embezzlement should be imputed to VAM because Valle was an agent of VAM. Although it is true that knowledge of an agent may be imputed to a corporation, Sunrise Properties, Inc. v. Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C., 425 Mass. 63, 66 (1997), the judge found here that there was no knowledge to impute because Valle "believed in good faith" that Alan was entitled to the money.

Given the judge's finding that VAM did not discover Alan's embezzlement until October of 2005, VAM's damages are not limited by the continuing tort doctrine. The doctrine only applies to those actions that are "readily identifiable" and does not apply where a party is not aware of the cause of action. Crocker, 464 Mass. at 11.

Defendant Arieh Yemini did plead counterclaims for conversion and breach of fiduciary duty in his initial answer but not in his subsequent pleadings.

In light of our disposition, VAM is not entitled to an award of appellate fees and double costs under Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), on the ground that the appeal is frivolous.